UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21cr1414-DMS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| CARLOS TERAN (1) | |
| Defendant. | |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title and interest in properties of Defendant CARLOS TERAN ("Defendant"), pursuant to Title 21 United States Code, Sections 853(a)(1) and 853(a)(2), as properties constituting proceeds of the offenses and as properties involved in the violations of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in Counts 1 and 2 of the Indictment.

WHEREAS, on or about November 16, 2021, Defendant pled guilty before Magistrate Judge Daniel E. Butcher to Counts 1 and 2 of the Indictment, which pleas included consents to the forfeiture allegations of the Indictment, including forfeiture of all properties seized in connection with this case, including but not limited to the following:

    a.    $2,232.00 in United States Currency; and

    b.    $280.00 in United States Currency; and

     c.     One (1) Springfield Armory XD-9 semi-automatic pistol, CAL: 9, SN: XD896747; and

     d.     One (1) magazine with ten (10) rounds ammunition; and

     e.     One (1) magazine with eight (8) rounds ammunition; and

     f.     One (1) Body armor; and

WHEREAS, on December 21, 2021, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offenses; and,

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the above-referenced properties, pursuant to 21 U.S.C § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty pleas of the Defendant to the Counts 1 and 2 of the Indictment, the United States is hereby authorized to take custody and control of the following properties, and all right, title and interest of Defendant CARLOS TERAN in them is hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

     a.     $2,232.00 in United States Currency; and

     b.     $280.00 in United States Currency; and

     c.     One (1) Springfield Armory XD-9 semi-automatic pistol, CAL: 9, SN: XD896747; and

     d.     One (1) magazine with ten (10) rounds ammunition; and

     e.     One (1) magazine with eight (8) rounds ammunition; and

  f. One (1) Body armor.

3. The aforementioned forfeited assets are to be held by U.S. Federal Bureau of Investigation in its secure custody and control.

4. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

Dated: March 21, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court